**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES GARCIA-CRUZ, | No. 12-71607 |
| Petitioner, | Agency No. A074-423-111 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013**

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Andres Garcia-Cruz, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review de novo questions of law, *Arteaga-De Alvarez v.*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 704 F.3d 730, 735 (9th Cir. 2012), and for substantial evidence the BIA's factual findings, *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency properly determined that Garcia-Cruz is ineligible for cancellation of removal where the record reflects that he lacks a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093-94 (9th Cir. 2002).

To the extent Garcia-Cruz contends he should have been granted asylum, substantial evidence supports the BIA's finding that he is ineligible for relief, where he testified that he did not fear any harm if returned to El Salvador. *See* 8 U.S.C. § 1101(a)(42) (to qualify for asylum an applicant must demonstrate that he is unable or unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion"); *see also Zetino*, 622 F.3d at 1015.

We lack jurisdiction to consider Garcia-Cruz's claim that he is eligible for suspension of deportation because he failed to raise that claim before the agency, and therefore failed to exhaust his administrative remedies. *See Barron v.*

*Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

Garcia-Cruz's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**